BARTOLOMÉ CARBONELL, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 797. *Sometido:* Enero 22, 1930. *Resuelto:* Febrero 4, 1930.

*José G. Torres* y *Carlos del Toro Fernández,* abogados del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De acuerdo con el artículo 170 del reglamento para la ejecución de la Ley Hipotecaria deberá apercibirse al deudor de que si no paga la deuda dentro de determinado período, la propiedad garantizada con la hipoteca será vendida. El artículo 172 dispone que si no se efectúa el pago, la propiedad gravada debe ser vendida. En el presente caso la Corte de Distrito de San Juan libró una orden común, a virtud de la cual se requería al deudor que pagara y se le apercibía de que de no hacerlo se ordenaría la venta de la propiedad. El registrador se negó a inscribir una escritura ctorgada por el márshal, porque la orden de venta no fué dictada después de haber vencido el período para efectuar el pago.

El registrador estaba en lo cierto. La forma condicional o común de la orden no hacía diferencia alguna. Hasta que hubiese transcurrido el término para efectuar el pago, podría decirse, que no surgía autoridad o jurisdicción para ordenar la venta. El haber expirado el período estatutorio era una condición precedente a la expedición de dicha orden. El caso no es totalmente diferente a uno en que dentro del término concedido para contestar, la corte dicta una orden para que se registre sentencia en rebeldía, en caso de que el demandado no conteste. Bajo la Ley Hipotecaria hay un período similar

completo, durante el cual no surge derecho alguno a efectuar una venta hasta que el deudor incurra en rebeldía.

Tampoco se excedió el registrador en sus facultades. De conformidad con el artículo 18 de la Ley Hipotecaria el registrador tenía la autoridad y el deber de decir que la venta no era legal.

*Debe confirmarse la nota recurrida.*